## Case No. 7,349.

The JOHN H. ABEEL.

[4 Ben. 58.] 1

District Court, S. D. New York. Feb., 1870.

Benedict & Benedict, for libellant.

W. R. Beebe and W. J. Haskett, for claimant.

BLATCHFORD, District Judge. This is a libel filed by the owner of the sloop Sarah B. Walton, against the sloop John H. Abeel, to recover for the damages caused to the former vessel by a collision which occurred between the two vessels on the 1st of April,

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

1868, in the East river, between the island called the North Brother and the island called the South Brother. The Walton was beating up the river, the wind being to the northward and eastward. The Abeel was going towards New York and had the wind free. The Abeel struck the starboard bow of the Walton, and carried away her bowsprit and did other damage. The Walton being close hauled on the wind and the Abeel having the wind free, it is not disputed that it was the duty of the Abeel to keep clear of the Walton, and the general duty of the Walton to keep her course. The defence is, that, when the Walton was on her starboard tack, and was about in the middle of the channel between the two islands, and the Abeel was off the starboard bow of the Walton, the Walton undertook to go about and missed stays, and then fell off and came into the way of the Abeel, and that the collision was caused by this improper manoeuvre on the part of the Walton. Undoubtedly, if the attempt of the Walton to go about was a change of course which caused the collision, the Walton was in fault. While, by article 12 of the Rules, it was the duty of the Abeel to avoid the Walton, it was equally, by article 18, the duty of the Walton to keep her course and not embarrass the movements of the Abeel. But, by article 19, it is provided, that, in obeying and construing such rules, due regard must be had to any special circumstances which may exist in any particular case rendering a departure from the rules necessary in order to avoid immediate danger. It is established, by the proofs, that the Walton did not undertake to go about until she saw that the Abeel was taking no measures to go under her stern. The Abeel ought to have starboarded and given way to the Walton, and allowed the Walton to keep her course and run out her tack. Instead of that, it is plain that there was no proper lookout kept on the Abeel. No notice was taken by her of the Walton's approach. The Walton, seeing that the Abeel was coming on without starboarding, undertook to go about with a view of letting the Abeel pass in safety, at a time when a collision was inevitable, if the Walton had kept on, and when, by keeping on, the Walton would have been struck square on her starboard side. Under those circumstances, it was not a fault contributing to the collision for the Walton to go about. She changed her course in order to avoid the immediate danger which she had been thrown into by the persistent refusal of the Abeel to give way. If the Walton had not missed stays there would probably have been no collision. On missing stays, the Walton did the next best thing she could do. She fell off before the wind, so as to receive a glancing instead of a square blow. But the approach of the Walton and her attempt to tack and her missing stays were wholly unobserved by any person on board of the Abeel. The ma-

noeuvres of the Walton in no manner controlled or embarrassed or modified any movement on the part of the Abeel. It was not until after the Walton had missed stays, and until she was falling off before the wind, that she was discovered by the Abeel. Then the Abeel luffed up sharp, but it was too late. The collision was owing to gross negligence on the part of the Abeel, in not keeping a proper lookout. It is claimed that she had four persons forward at the time. This makes the matter so much the worse. One of those persons, Roberts, says, that he was forward and had been there about an hour, and that the captain, the steward, and another man were there with him. Yet Roberts says, that he did not see the Walton attempt to tack or miss stays. The captain says, that he did not see the Walton before the Abeel hit her. The other two persons were not produced as witnesses. A worse case of reckless inefficiency rarely occurs.

An objection is taken to the libel, because it does not aver that the Walton attempted to tack and missed stays. The libel alleges, that the Walton was beating, that the wind was east, that the Abeel had the wind free, and that the collision was caused by the carelessness and negligence of those on board of and in charge of the Abeel, in not keeping a proper lookout as required by law, and in not avoiding the Walton, as she was bound to do. The attempt to tack by the Walton and her missing stays are set up in the answer as the sole cause of the collision. It was for the claimant to set up, in his answer, as he has done, the alleged change of course on the part of the Walton, as causing the collision; and the averments in the libel are sufficient.

The fact relied on by the defence, that the Walton, by reason of some pieces that had been put upon her bottom, and by reason of the description of tiller she had in use at the time, could not come about as readily as if she had had different appliances, is of no consequence. This fact might have been important, if the Abeel had been trying to avoid the Walton, and been embarrassed, in doing so, by the movements of the Walton. There must be a decree for the libellant, with a reference to a commissioner to ascertain the damages.